## FOREHAND V. STATE.

Decided March 15, 1890.

*Venue—Judicial notice—Matter of common knowledge.*

Where the evidence showed that a murder was committed within three miles of a town, and it is a matter of common knowledge that the county line could not be reached within three miles therefrom, the venue was sufficiently proved.

APPEAL from *Pope* Circuit Court.

J. E. CRAVENS, Judge.

Appellant was indicted for murder and convicted of manslaughter. He offered to testify that his wife had told him that deceased had tried to persuade her to poison him; also that she had told him of her adulterous connection with deceased. The court over his objection excluded this testimony. A witness, Barton, testified that an hour or so before the killing deceased had on his person a gold watch, but that an hour or two after the killing a silver watch was the only one found on his person. To the introduction of this testimony defendant excepted. For a statement of the facts of the killing, see *Forehand v. State*, 51 Ark., 503.

*E. B. Henry* and *J. G. Wallace* for appellant.

1. The court erred in its instructions, and in refusing those asked by defendant, reviewing them and citing 42 Ark., 61; 37 Ark.. 573.

2. The court refused to give any instruction embodying the theory of defendant as to the homicide. 51 Ark., 94; 50 Ark., 549; *Luckenbill v. State*, 52 Ark., 45; 29 Ark., 261.

3. The verdict is not supported by the evidence. 34 Ark., 632; 7 S. E. Rep., 641.

4. The court erred in admitting evidence as to the watch.

Evidence of one crime is not admissible to prove another. 2 Ark., 243; 37 Ark., 261; 39 Ark., 278; 43 Ark., 367; 1 Bish., Cr. Pr., 1124.

5. The venue was not proved. 16 Ark., 499; 13 Ark., 110; 8 Ark., 455; 6 Yerger, 364. Nor did the court even instruct the jury that it was necessary to prove that the crime was committed in Pope county.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellee.

1. Review the evidence and instructions and contend that the verdict is right, and the jury properly instructed.

2. The evidence as to the watch was admissible to show that the body had been tampered with and to impeach defendant's testimony.

3. Barton's testimony was admissible. 1 Bish., Cr. Pro., sec. 1252.

4. The excluded testimony was irrelevant.

5. The court's charge was carefully drawn and covered every theory of the case. The court read to the jury the law as to justifiable homicide. Secs. 1547 to 1551, Mansf. Dig.

PER CURIAM. The charge of the court is not open to the objections made by the appellant. The appellant's rejected prayers for instructions were either covered by the charge or not accurate statements of the law applicable to the facts, and the court did not err in that regard.

If any of the rejected testimony offered by the appellant was admissible at all, it could only have been to aid in reducing his offense to manslaughter; but as he was convicted only of that offense, he was not prejudiced by the exclusion.

The testimony about the gold and silver watches was irrelevant and proved nothing. The appellant's guilt of the crime of which he stands convicted is clearly established by the proof, and ought not to be disturbed for an error which

could not have led to prejudice with a jury of ordinary intelligence.

It is insisted that the proof fails to show that the offense was committed in Pope county. This fact was not proved in those words; but there was testimony that it occurred at a point three miles southwest of Dover.

Venue — Judicial notice—Matter of common knowledge. Courts cannot generally take judicial notice of matters of fact; but there are many facts, particularly with reference to geographical positions, of such common knowledge, that the courts may judicially notice them. That the court would take judicial notice that Richmond was in Little River county, though formerly in Sevier, was ruled in *Wilder v. State*, 29 Ark., 293. This notice includes the two facts, that Richmond was once in Sevier county, and also that it was in that portion annexed to Little River. In the case of *Peyroux et al. v. Howard et al.*, 7 Pet., 324–43, the Supreme Court of the United States ruled, that it would take notice not only that New Orleans was on the Mississippi river but also that it was at a point within the ebb and flow of the tide.

The general situation of Dover which was for years the seat of justice for the county with reference to the county lines was a matter of public notoriety, of which the court had notice without proof; that the county line could not be reached within three miles was common knowledge, and if the jury found, as it might have done on the evidence, that the homicide occurred within three miles of Dover, that fixed it in Pope county.

Affirmed.