HENO *v.* FAYETTEVILLE.

Opinion delivered May 3, 1909.

1. JUDICIAL NOTICE—CORPORATE LIMITS OF CITY.—An act of the Legislature prohibits the sale or giving away of liquors within five miles of the State University at Fayetteville; an ordinance of the city of Fayetteville prohibits the sale or giving away of liquors within its corporate limits. *Held* that it is matter of judicial knowledge that the corporate limits of Fayetteville are within five miles of the State University. (Page 293.)

2. MUNICIPAL ORDINANCE—PRINTED COPY.—A printed copy of a city ordinance published by authority of the ciy is *prima facie* evidence of the legal existence of the ordinance and its contents. (Page 294.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*Walker & Walker,* for appellant.

Criminal and penal statutes must be strictly construed. 6 Ark. 131; 13 *Id.* 405; 43 *Id.* 413; 59 *Id.* 341; 53 *Id.* 334; 56 *Id.* 45. A statutory authority must be strictly pursued. 28 Ark. 359; 31 *Id.* 494. A penal statute should be strictly construed against defendant, but liberally in his favor. 40 Ark. 97. Municipal corporations must confine their legislation within the scope of the powers conferred upon them by their charters. 27 Ark. 467.

HART, J. Ed Heno was tried and convicted under ordinance No. 217 of the city of Fayetteville, Arkansas. The ordinance is as follows:

"Ordinance No. 217.

"An ordinance to prohibit the selling or giving away of any alcoholic, malt, vinous, ardent or fermented liquors, including native wines, within the corporate limits of the city of Fayetteville, Arkansas.

"Be it ordained by the City Council of the City of Fayetteville, Arkansas:

"Section 1.    That it shall be unlawful for any person to sell, barter or give away, either for himself or another, or to procure or to purchase for another, any alcoholic, malt, vinous, ardent or fermented liquors, or any compound or preparation thereof commonly called tonic bitters or medicated liquors, or intoxicating spirits of any character which are used and drunk as a beverage, including native wine, within the corporate limits of the city of Fayetteville, Arkansas. .

"Section 2.    That any person violating any of the provisions of section one of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than fifty dollars, nor more than two hundred dollars, and in addition thereto shall be imprisoned in the county jail of Washington County not less than thirty days, nor more than one year.

"Section 3.    That all ordinances in conflict with this ordinance are repealed, and this ordinance shall be in force from and after its passage and publication."

From the judgment and sentence of the court he has duly prosecuted an appeal to this court.

The General Assembly of the State of Arkansas passed an act prohibiting the sale or giving away of intoxicating liquors within five miles of the State University at Fayetteville, Arkansas. Acts of 1907, p. 649.

Pursuant to the authority given it by section 5463 of Kirby's Digest, the common council of the city of Fayetteville, Arkansas, passed the ordinance above set out.

The act of the Legislature of 1907 prohibits the sale or giving away of the liquors named in the act within five miles of the State University of Arkansas, situated in Fayetteville, Arkansas, and the ordinance in question prohibits the sale or giving away of them within the corporate limits of the city of Fayetteville, Arkansas.

The principal contention of appellant is that there is nothing in the record to show that the corporate limits of the city of Fayetteville are within five miles of the State University, and that consequently its territorial limits might be broader than that named

by the act of the Legislature. This case was tried below in the county courthouse situated in the city of Fayetteville. It is a matter of common knowledge that the State University is situated in that city and in sight of the judge sitting in the case. We will presume that the circuit judge, who tried the case, knew that the corporate limits of the city of Fayetteville were within five miles of the State University. Courts sitting in a particular place will take judicial notice of the geographical position of the political divisions, such as counties, towns and townships in which such court is held.

The State University was first established at Fayetteville, and has remained there ever since. It is a matter of public notoriety, of which the court had notice without proof, that the entire corporate limits of the city were within five miles of the State University. This is the logical result from the reasoning and conclusions of this court in the following cases: *Wilder* v. *State,* 29 Ark. 293; *Forehand* v. *State,* 53 Ark. 46; *Chicago, R. I. & P. Ry. Co.* v. *Perry County,* 87 Ark. 406. See also 16 Cyc. 859.

Counsel for appellant also contends that the ordinance in question was not proved as required by law. A printed copy of the ordinance published by authority of the city was introduced as evidence at the trial. As was said by this court in the case of *Arkadelphia Lumber Co.* v. *Arkadelphia,* 56 Ark. 370, "this was at least *prima facie* evidence of the legal existence of the ordinance and its contents. The burden was on the defendant to overcome this evidence." See also *Van Buren* v. *Wells,* 53 Ark. 368; § 3066, Kirby's Digest.

The evidence was sufficient to sustain the verdict.

Finding no prejudicial error in the record, the judgment is affirmed.