Hollis *v.* Erwin, County Judge.

5-3250

374 S. W. 2d 828

Opinion delivered February 3, 1964.

Robert M. Smith, for appellant.

E. W. Brockman, Smith, Williams, Friday & Bowen, by Herschel H. Friday and John C. Echols, for appellee.

Ed. F. McFaddin, Associate Justice. This is a test suit to determine the legality of the proceedings and election ballot involving the County Hospital Units in Desha County; and necessitates a study of Amendments 17 and 25 of the Arkansas Constitution, as well as the cases construing these amendments. On July 9, 1963, the County Court of Desha County made an order, the pertinent portions of which are:

"That there exists the necessity for the constructing and equipping of a hospital at McGehee and that plans, specifications and estimates of cost as may be necessary for reasonable understanding of the nature, extent and approximate cost thereof shall be prepared and filed in the office of the County Clerk of the County and shall there remain and be held subject to the inspection of any and all persons interested. That Stowers & Boyce, Architects, Little Rock, Arkansas be, and they are hereby appointed and employed to prepare and file such plans, specifications and estimates of cost.

"That there exists the necessity for the reconstructing, extending and equipping of the county hospital at

Dumas and that plans, specifications and estimates of cost as may be necessary for reasonable understanding of the nature, extent and approximate cost thereof shall be prepared and filed in the office of the County Clerk of the County and shall there remain and be held subject to the inspection of any and all persons interested. That Wittenberg, Delony & Davidson, Architects, Little Rock, Arkansas, be, and said firm is hereby, appointed and employed to prepare and file such plans, specifications and estimates of cost.''

The said plans[1] and specifications were duly filed; and on August 5, 1963, the County Court entered an order, the pertinent portions of which are:

''That Wittenberg, Delony & Davidson, Architects, Little Rock, Arkansas, heretofore appointed by this court, filed in the office of the County Clerk of the County on the 10th day of July, 1963, plans, specifications and estimates of cost covering the constructing and equipping of a hospital at McGehee and that said plans, specifications and estimates of cost are now on file in the office of the County Clerk and are subject to the inspection of any and all persons interested. The estimated cost to the County of the proposed work is approximately $240,000, it being contemplated that the balance of the total estimated cost will be obtained from an agency or agencies of the Government of the United States of America. The Court has examined said plans, specifications and estimates and has determined that the work covered thereby would be in the best interest of the County and its citizens.

''That Stowers & Boyce, Architects, Little Rock, Arkansas, heretofore appointed by the Court, filed in the office of the County Clerk of the County on the 10th day of July, 1963, plans specifications and estimates of cost covering the reconstructing, extending and equipping the county hospital at Dumas and that said plans, specifications and estimates of cost are now on file in

---

[1] The County Court order also involved a jail at Arkansas City, and Court House reconstruction at Arkansas City. These two matters were defeated by the vote of the electors and are not before us.

the office of the County Clerk and are subject to the inspection of any and all persons interested. The estimated cost to the County of the proposed work is approximately $160,000, it being contemplated that the balance of the proposed work is approximately $160,000, it being contemplated that the balance of the total estimated cost will be obtained from an agency or agencies of the Government of the United States of America. The Court has examined said plans, specifications and estimates, and has determined that the work covered thereby would be in the best interest of the County and its citizens.

"That the proposed County Hospital units at McGehee and Dumas shall be parts of the single County Hospital to serve the citizens of the County and shall be operated and administered by the single County Hospital Board. As such, and in order to avoid unnecessary duplication of medical facilities, said Hospitals units shall be deemed to be one improvement within the meaning of Amendment No. 17 to the Constitution of the State of Arkansas and should be submitted as a single ballot question in the special election mentioned herein below.

"That the questions of constructing, reconstructing, extending and equipping said projects, heretofore in this Order specifically identified, and the levying of a building tax for the purpose of paying the principal of, interest on and Paying Agent's fees in connection with bonds of the County proposed to be issued under the provisions of Amendment No. 17 to the Constitution of the State of Arkansas, as amended by Amendment No. 25, to obtain the necessary funds for financing the said portion of the cost of said projects to be borne by the County shall be submitted to the qualified electors of Desha County, Arkansas at a special election which is hereby called to be held on the 10th day of September, 1963, and that said questions shall be placed on the ballot in substantially the following form:

"*It is proposed to construct, equip and extend County Hospital facilities for the citizens of Desha County by constructing and equipping a hospital at McGehee at an estimated cost to the County of $240,000, and by re-*

608

*constructing, extending and equipping the Hospital at Dumas at an estimated cost to the County of $160,000 (it being contemplated that the balance of the total estimated cost of both said Hospital and facilities will be obtained from an agency or agencies of the Government of the United States of America), and to issue General Obligation Bonds of the County under Amendment No. 17 to the Constitution of the State of Arkansas, as amended by Amendment No. 25, to provide funds for the payment of the estimated cost of said Hospital units to be borne by the County, in accordance therewith there is hereby submitted to the voters of Desha County, Arkansas, the questions of voting for or against said construction, reconstruction, extension and equipment (called 'Construction'), and for or against the levying of a building tax to pay the principal of, interest on and Paying Agent's fees in connection with said bonds.*

*"Indicate how you wish to vote by marking the ballot with an 'X' in the box opposite the question:*

*"For Construction* .................................................................☐

*"Against Construction* .........................................................☐

*"For Building Tax* ................................................................☐

*"Against Building Tax* ......................................................☐"*

(Emphasis supplied.)

The election was duly held on September 10, 1963, with the ballot having the full matter before it, as italicized above; and the vote was in favor of the hospital issue and the building tax therefor. The appellant then filed this suit·in the Chancery Court to enjoin the County Judge from further proceedings in the matter of the hospital; and the complaint alleged:

"That the purported approval of said questions in said manner was illegal and of no effect, being in violation of Amendment 17 to the Constitution of the State of Arkansas, as amended by Amendment No. 25, in that the voters were deprived of an opportunity to vote upon each contemplated improvement separately, as provided in said Amendments.

"That the purported approval of the equipping of the hospitals to be constructed and a tax to pay bonds, a portion of the proceeds of which will be used to equip, was illegal and of no effect, being withiout sanction under Amendment No. 17 to the Constitution of the State of Arkansas, as amended by Amendment No. 25. Said Amendments make no provision for equipping hospitals and, therefore, the proposal to equip is unauthorized and the inclusion of the proposal in the proceedings renders them illegal and void.

"That unless restrained and enjoined, the defendant will convene the Quorum Court of Desha County, Arkansas for the purpose of levying a continuing annual building tax to pay the principal, interest, and paying agent's fees of bonds of the County which will be issued to pay the County's portion of said costs, all in violation of the Constitution and laws of the State of Arkansas, and in violation of the right of plaintiff and others similarly situated, to be secure from unlawful and illegal exactions."

The defendant (County Judge) resisted the complaint, and, *inter alia*, prayed for a decree:

". . . declaring and holding that the election of September 10, 1963, and all proceedings prior to and in connection with the election were legal, valid and effective and that defendant is authorized by law to proceed to take the necessary action to secure the construction and equipping of the hospital buildings at McGehee and Dumas, to issue bonds to finance the County's portion of the costs thereof and to levy a continuing annual building tax to pay the principal of, interest on, and paying agent's fees for the bonds."

The cause was heard by the Chancery Court on an agreed statement of facts which incorporated most of the matters that we have already detailed, and also stated:

"The proposal approved by the voters of Desha County, Arkansas, in the election is for the constructing and equipping of a hospital in the city of McGehee,

Desha County, Arkansas, and for reconstructing, extending and equipping an existing hospital in the city of Dumas, Desha County, Arkansas. There will be no physical connection between the hospital to be constructed and equipped at McGehee and the hospital to be reconstructed, and extended and equipped at Dumas. The plans, specifications and estimates of cost for the two hospital buildings were prepared and submitted separately by different architectural firms. The question of construction and reconstruction of the two physically separate buildings was submitted to the voters of the County as a single proposal. The voters were required to approve or disapprove the construction and reconstruction of both buildings, there being no provision whereby a voter could vote for construction or reconstruction in one location and against construction or reconstruction in the other location. The proposal for the building tax to finance the County's proportion of the cost of both hospitals was also submitted as a single question, and there was no opportunity for a voter to vote for the building tax to finance the County's proportion of the cost of the hospital in one location and against the building tax to finance the County's proportion of the cost of the hospital at the other location.

"The proposal submitted to and approved by the voters in the election of September 10, 1963, includes the equipping of the hospital to be constructed at McGehee and the equipping of the hospital to be reconstructed and extended at Dumas. A portion of the proceeds of the bonds also will be used to pay the cost of equipping the hospitals.

"The reconstruction, extension and equipping of the hospital at Dumas and the construction and equipping of the hospital at McGehee are necessary for the hospitalization needs of Desha County and its citizens and the separate locations at Dumas and McGehee are necessary and in the public interest from the standpoint of the ready and near availability of adequate hospitalization facilities to all citizens of the County. One facility without the other would be inadequate and insufficient to

meet the hospitalization needs of the County and its citizens.''

Trial in the Chancery Court resulted in a decree in favor of appellee and this appeal ensued, in which the appellant urges three points:

''I. The proposed action of appellee is prohibited by Amendment No. 10 to the Constitution and should be enjoined unless authorized by Amendment No. 17 to the Constitution as amended by Amendment No. 25.

''II. The proposed action of appellee is not authorized by Amendment No. 17 as amended by Amendment No. 25 because at the election purporting to authorize the proposed action of appellee the voters were deprived of the right to vote separately on each contemplated improvement.

''III. The proposed action of the appellee to equip the two hospitals is not authorized by Amendment No. 17 as amended by Amendment No. 25.''

I. *Are The Two Hospital Units Separate Hospitals?* Appellant's first two points are discussed together under this topic. The appellee claims that he is acting under the power and authority of Amendments 17 and 25 to the Arkansas Constitution.[2] The real issue presented is whether the ballot should have allowed the voter to vote separately on the hospital project at McGehee and separately on the hospital project at Dumas. It is evident from the order and the ballot that the voter had to vote for or against the hospital project as a whole, and was not permitted by his ballot to vote for McGehee and against Dumas, or vice versa. The appellee particularly calls attention to Section 4 of Amendment 17, which reads:

''More than one building or improvement may be embodied in all such proceedings, except that separate plans, specifications and estimates for each building or

---

[2] Amendment No. 25 amended Section 1 of the original Amendment No. 17 so as to add "county hospital" to Section 1 of Amendment No. 17. See *Hughes* v. *Jackson*, 213 Ark. 243, 210 S.W. 2d 312; and *Garner* v. *Lowery*, 221 Ark. 571, 254 S. W. 2d 680.

extension shall be made and filed, and a description of each building sufficient to indicate to the electors with reasonable certainty what building or extension he is voting on, shall appear on the ballot, beneath which shall be the words, 'For Construction' and 'Against Construction', after each contemplated improvement . . .''

The appellant says that each ''building'' in the above quoted provision means exactly what it says; and that since one building is to be in Dumas and one is to be in McGehee, there should have been a separate vote on each one. But it must be remembered that only three building projects are listed and concerned in Amendments 17/25. These are: (a) court house; (b) county jail; and (c) county hospital. The language in Section 4 of Amendment 17 about ''each building,'' means that the construction, etc., of a court house cannot be combined on the same ballot item with construction of a jail, or the construction, etc., of a jail combined on the same ballot item with the construction of a hospital, etc.; but the Amendment does not mean that if a hospital consists of two buildings, in the same town or in separate towns, each building must be listed and voted on separately. The case of· *Kerwin* v. *Hillman*, 226 Ark. 708, 292 S. W. 2d 559, involved the building of a main hospital in Fordyce ''with emergency units thereof in Sparkman and Carthage.'' It was there urged that the Amendments 17/25 contemplated the construction of a single hospital unit in one town, and did not contemplate or authorize the construction of emergency units located at points other than the place of the main hospital. We held that the separate emergency units at other places were proper and legal.

The County Court stated, in the case at bar, that the County Hospital of Desha County was to consist of two units, one at McGehee and one at Dumas, but both were to be under the same Hospital Board. By rules of judicial notice[3] we know: that Dumas is in the northern por-

---

[3] *Bonner* v. *Jackson*, 158 Ark. 526, 251 S. W. 1; *Forehand* v. *State*, 53 Ark. 46, 13 S. W. 728; *Hano* v. *Fayetteville*, 90 Ark. 292, 119 S. W. 287; *Board of Trustees* v. *Pulaski Co.*, 229 Ark. 370, 315 S. W. 2d 879; *Stephens* v. *City of Springdale*, 233 Ark. 865, 350 S. W. 2d 182.

tion of Desha County and had a population of 3,540 according to the 1960 U. S. Census; that McGehee is in the southern portion of Desha County and had a population of 4,448 according to the 1960 U. S. Census; and that these two towns are over twenty miles apart. The purpose of a county hospital is to provide for the county and not for any one portion. The County Court said that the feasible way to provide the people of Desha County with hospital facilities was to have a unit situated at Dumas and a unit situated at McGehee, but both under one Hospital Board. We find that this was proper under the facts of this case and in line with our holdings for the liberal interpretation to be given Amendments 17/25, some of which cases are: *Bond* v. *Kennedy,* 213 Ark. 758, 212 S. W. 2d 336; *Garner* v. *Lowery,* 221 Ark. 571, 254 S. W. 2d 680; and *Jeffery* v. *Fry,* 220 Ark. 738, 249 S. W. 2d 850. We hold that there is no merit in the first two points urged by the appellant.

II. *Hospital Equipment.* The appellant urges that the Amendments 17/25 provide for the "construction, reconstruction, or extension" of a county hospital, but that there is no provision for the *equipment* for a county hospital; and that, therefore, the equipping of the hospital is not within the purview of the Amendments; and on this point the appellant is supported by a brief *amici curiae.* We find no merit in this point argued by the appellant and the *amici curiae.* While not involving the Amendments 17/25, nevertheless this Court said in *Railey* v. *Magnolia,* 197 Ark. 1047, 125 S. W. 2d 278: "The building and equipping of a hospital is a single enterprise. . . ." A hospital is more than a mere building of four walls and a roof. Webster's Dictionary defines a hospital as: "An institution or place where sick or injured persons are given medical or surgical care." A bare and empty building could hardly fit that definition. We like the language of the Supreme Court of Alabama in *Noble* v. *First National Bank,* 1 So. 2d 289: "The definition of a hospital, established by the proof and uncontradicted, was as follows: 'An institution for the reception, care, and medical treatment of the sick or wounded; also the building used for that pur-

pose.' " Certainly the equipping of the hospital is an essential part of its construction.

Furthermore, in *McArthur* v. *Campbell*, 225 Ark. 175, 280 S. W. 2d 221, we held that the air conditioning of the Pulaski County Court House was a "reconstruction or extension" of the Court House, and said:

"There is authority for the equipping and furnishing of buildings authorized by Amendment No. 17. See *Atkinson* v. *Pine Bluff*, 190 Ark. 65, 76 S. W. 2d 982; *Lindsay* v. *White*, 212 Ark. 541, 206 S. W. 2d 762; *Railey* v. *City of Magnolia*, 197 Ark. 1047, 126 S. W. 2d 273; *Tunnah* v. *Moyer, Mayor*, 202 Ark. 821, 152 S. W. 2d 1007."

The decree of the Chancery Court in this cause is in all things affirmed; and for good cause shown an immediate mandate is ordered.