FRANK KNOX *v.* J. A. WILLIAMSON, COUNTY JUDGE

5-4018                                408 S. W. 2d 501

Opinion delivered November 21, 1966

*William E. Henslee,* for appellant.

*Hout, Thaxton & Hout* and *Smith, Williams, Friday & Bowen,* By *Herschel H. Friday, John C. Echols*, for appellee.

OSRO COBB, Justice. The dispositive question raised on this appeal is whether a nursing home rendering services of a nursing home may be classified as a county hospital under the provisions of Amendment No. 17 to our present Constitution. Section 1 of Amendment No. 17 provides as follows:

"County court house, jails and hospitals.—The power and right is hereby vested in the qualified electors of each respective County in this State by a majority of the said electors voting on the question, to authorize the construction, reconstruction, or extension of *any* County Court House, County Jail, or *County* Hospital, and to authorize the levy of tax not to exceed one-half of one per cent on the dollar of the valuation of all properties in such County subject to taxation to defray the costs and expenses thereof, or to take up any indebtedness existing at the time of adoption hereon incurred in building, construction, or extending any County Court House, Jail, or Hospital. [As amended by Amendment No. 25.]" (emphasis supplied)

On December 21, 1965, a special election was held in Jackson County at which a majority of the voters participating in the election voted in favor of constructing an addition to a nursing home building owned by the county, in order to provide needed additional accommodations and nursing home facilities for the citizens of Jackson County. Construction bonds in the sum of $250,000.00 were authorized to be issued to complete the proposed improvements. Suit was instituted in chancery seeking a permanent injunction against appellee, the County Judge of Jackson County, as to any further proceedings in connection with the levy and collection of a building tax and the issuance of the bonds for the project, it being contended that a nursing home was not a county hospital and that the instant construction project was not authorized under the provisions of Constitutional Amendment No. 17, nor authorized by any other statute or constitutional amendment.

The case was heard by the Chancellor upon the pleadings and upon stipulation of the parties as to the pertinent facts. We quote from such stipulation as follows:

"That the proposed construction will be an addi-

tion to a building owned by the County which building now meets the minimum standards for licensing as a 'Nursing Home' under the provisions of Act No. 414 of the Acts of Arkansas of 1961, but does not meet the minimum standards thereunder for licensing as a 'hospital'. After the construction is completed, the building, as it then exists, will still meet the minimum standards for licensing as a Nursing Home, but not as a hospital, under the said Act No. 414. The building will be hereafter referred to as 'Nursing Home'.

"The Nursing Home will provide medical and nursing services to patients, but will not provide all of the services that would be required to be provided by a building qualifying as a hospital under the provisions of Act No. 414 (which type of building will be hereafter referred to as 'General Hospital'). The major areas of service provided by a General Hospital and not by a Nursing Home are surgical, X-ray and obstetrical. Other similarities and differences between a Nursing Home and a General Hospital include:

"(a) Every patient in either a Nursing Home or a General Hospital must be under the medical supervision or care of a physician and all medications administered under the direction of the physician. Provision must be made in the case of either type patient for emergency treatment. Neither type institution is required to have physicians constantly present.

"(b) Both General Hospitals and Nursing Homes are required to have nursing staffs under the supervision of a registered nurse. Both may also employ licensed practical nurses.

"(c) General Hospitals are required to have surgical departments offering services and having facilities of a type approved by rules and regulations

of the Arkansas State Board of Health. Nursing Homes are not required to have surgical facilities or offer surgical services.

"(d) General Hospitals are required to have obstetrical departments, with labor beds, delivery rooms and nurseries, with the facilities, and offering the services prescribed by the Arkansas State Board of Health. Nursing Homes are not required to have such facilities or offer such services.

"(e) Nursing Homes are required to have facilities for recreation and dining for ambulatory patients which are not required of General Hospitals.

"(f) A General Hospital is required to have a more elaborate bedside call system to enable patients to summon assistance than are Nursing Homes, although Nursing Homes are required to have a call system sufficient to enable patients to attract attention.

"(g) A General Hospital is an institution designed for performing more intensive services to the sick and infirm than is a Nursing Home, but a Nursing Home also provides services to the sick and infirm and a 'Boarding Home' or home providing primarily domiciliary care would not be eligible for licensing as a Nursing Home under Act No. 414.

"(h) Because of the 'central core facilities' (operating room, delivery room, X-ray equipment, et cetera) required in a General Hospital and not in a Nursing Home, the cost per square foot of constructing a Nursing Home is considerably less than the cost of constructing a General Hospital to house the same number of patients.

"(i) A General Hospital is required to provide facilities for emergency treatment, as prescribed by

the Arkansas State Board of Health. A Nursing Home is not required to have such facilities."

The Chancellor held that the nursing home was a type of hospital within the meaning of Constitutional Amendment No. 17 and denied appellant injunctive relief as to the construction project, and the case now reaches us on appeal.

In a recent case decided by this Court, *Raney* v. *Raulston, County Judge,* 238 Ark. 875, 385 S. W. 2d 651 (1965), we held that the construction of a combination general hospital and nursing home as a single facility could properly and validly be built and equipped under authority of Amendments 17/25 of our Constitution. In the case before us, there is no showing that the nursing home facility owned by the county, which is proposed to be expanded, is in any way consolidated with a county general hospital, nor is it suggested in the record that the administrative personnel of a county general hospital will control and operate the expanded nursing home facility.

The stipulation of facts in this case illustrates the numerous and substantial differences in the services of a nursing home and those of a hospital.

We have liberally construed Amendment No. 17 in the past. See *Garner* v. *Lowery,* 221 Ark. 571, 254 S. W. 2d 680 (1953); *Hollis* v. *Erwin, County Judge,* 237 Ark. 605, 374 S. W. 2d 828 (1964), and also in Raney v. Raulston, County Judge, *supra.* We have also said that in construing the provisions of the constitution we endeavor to effectuate as nearly as possible the intent of the people in passing the measure, and, if necessary, as a means of attaining that end, a liberal interpretation will be warranted, but we have also added, "as it may be ascertained from the language used". See *Walton* v. *Arkansas Construction Commission,* 190 Ark. 775, 80 S. W. 2d 927 (1935). But to say that the nursing home in this instance, an entirely separate facility, is a hos-

pital within the meaning of Amendment No. 17 would require us to go far beyond the bounds of a liberal construction of Amendment No. 17.

We have therefore concluded that the nursing home project in this case was not a county hospital project as contemplated under the provisions of Amendment No. 17 to our Constitution.

The decree entered by the Chancellor is reversed with directions that a substitute decree, not inconsistent with this opinion, be entered.

Reversed and remanded with directions.