The Honorable Veo Easley State Representative P.O. Box 308 Sheridan, AR 72150
Dear Representative Easley:
This is in response to your request for an opinion regarding the use of certain county millage funds. You state that the Dallas County voters approved a .4 millage for the purpose of maintenance of three county-owned clinics and a county-owned hospital. You also state that the hospital was leased to a private company, that the county receives $12,500 per month rent which is deposited into the county hospital fund, and that the lease agreement specifies that the company will maintain the hospital. You note, finally, that the hospital is within the Fordyce city limits.
Your question arises from the county's use of a part of the millage revenue to maintain the street leading to the hospital, and to purchase new ambulances. You have asked whether these two expenditures constitute a proper use of the county millage funds.
Your question implicates the fundamental constitutional precept that monies arising from a tax levied for one purpose cannot be diverted to another. Ark. Const. art. 16, § 11.[1] You have not stated under what authority the millage was levied. If the voters approved the dedication of general millage revenues to maintain the hospital, the issue would revolve around the voters' intent, as evidenced by the ballot title and perhaps any other extrinsic evidence of intent. A court might look to such factors as evidence of the historical context of the measure, contemporaneous conditions at the time of its enactment, consequences of interpretation, and other matters of common knowledge within the limits of its jurisdiction in scrutinizing this use of the tax revenues. See generally Mears v.Arkansas State Hospital, 265 Ark. 844, 581 S.W.2d 339 (1979). I lack sufficient information to address the issue in that context.
If the tax was levied pursuant to Amendment 32 to the Arkansas Constitution, the proceeds must be used for "maintenance, operation and support" of the hospital. Ark. Const. Amend. 32, § 1. Although the ballot title would still need to be referenced, Amendment 32 provides a framework for considering the issues involved.
The few cases involving Amendment 32 are not helpful in addressing your question. Cases construing Amendments 17 and 25 to the Arkansas Constitution may, however, offer some indication of the court's likely approach to Amendment 32. Amendment 17, as amended by Amendment 25, authorized a tax for the "construction, reconstruction, or extension" of any county hospital.[2]
The court construed this provision as authorizing the levy of a tax to equip a hospital (Hollis v. Erwin, 237 Ark. 605,374 S.W.2d 828 (1964)), to construct a combination hospital and nursing home (Raney v. Raulston, 238 Ark. 875, 385 S.W.2d 651
(1965)), to purchase an existing hospital (Garner v. Lowery,221 Ark. 571, 254 S.W.2d 680 (1953)), and to construct separate emergency units (Kervin v. Hillman, 226 Ark. 708,292 S.W.2d 559 (1956)). A common theme running through these decisions is the court's adherence to a liberal interpretation of Amendments 17 and 25. See Raney, 238 Ark. at 880. The court focused in these opinions on the proper realization of the public purposes intended by the constitutional provisions. See Davis v.Waller, 238 Ark. 300, 379 S.W.2d 283 (1964). In determining that Amendment 17 (as amended by Amendment 23) authorized a county to equip a hospital, the court stated:
 A hospital is more than a mere building of four walls and a roof. Webster's Dictionary defines a hospital as: `An institution or place where sick or injured persons are given medical or surgical care.' A bare and empty building could hardly fit that definition. We like the language of the Supreme Court of Alabama in Nobel v. First Bank, 1 So. 2d 289: `The definition of a hospital, established by proof and uncontradicted, was as follows: An institution for the reception, care, and medical treatment of the sick or wounded; also the building used for that purpose.'
Hollis v. Erwin, 237 Ark. at 613, citing Railey v.Magnolia, 197 Ark. 1047, 125 S.W.2d 278 (1939).
In rejecting a request that it re-examine this holding regarding the equipping of a hospital, the court subsequently stated:
 It is our considered opinion that Hollis is correct and we hereby affirm it. Appellants also argue that even if equipment may be included, the only type that is proper is durable equipment affixed to the building. We do not agree. The public purpose embodied in Amendment 17 can be accomplished only by a functioning hospital and, therefore, bonds may be issued and the proceeds thereof spent for any type of equipment, furnishings and property necessary for or related to a functioning hospital.
Davis v. Waller, 238 Ark. at 303-304.
And in its continued adherence to a liberal interpretation, the court in Raney, supra (involving the combination hospital and nursing home issue), cited to its previous decision regarding separate emergency units wherein it concluded: "It is obvious that the real purpose of Amendment 17 (as amended) was to make it possible for a county to provide hospital facilities for its citizens." 238 Ark. at 879-880, citing Kervin,226 Ark. at 710.
The language of Amendment 32 with regard to "maintaining, operating and supporting" a hospital is arguably broader than the authority under Amendment 17 (as amended) to construct a county hospital. It may reasonably be concluded that if faced with the question, the court would similarly be inclined to liberally construe Amendment 32, in which case the purchase of ambulances would, in my opinion, probably be deemed to fall within the public purpose of providing a fully functioning hospital.
A closer question may be presented with respect to the street leading to the hospital. It seems clear that as a general matter, a tax dedicated to the maintenance of a hospital cannot be used to maintain city streets. See, e.g., Bell v. Crawford County,supra at 255 (money appropriated from a hospital fund should not be used for county roads). A conclusive determination would, however, require consideration of all the facts and circumstances surrounding the county's decision to apply the revenue to this purpose. While the use of hospital millage revenue to maintain a city street is, in my opinion, suspect, there may be fact questions regarding the reasonableness of a determination that maintaining this particular street falls within the "maintenance, operation and support" of the hospital. This office is not equipped or empowered to resolve factual questions. A judicial determination may ultimately be necessary to resolve the issue.
While I am therefore unable to provide a conclusive response to your question, the foregoing offers general guidance in addressing the attendant issues.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The lease agreement would not, in my opinion, necessarily preclude the county from expending funds to maintain the hospital. The Arkansas Supreme Court has recognized that exclusive jurisdiction over county-owned hospitals rests with the county judge and quorum court. Bell v. Crawford County,287 Ark. 251, 254, 697 S.W.2d 914 (1985). This jurisdiction would presumably extend to the determination to make an expenditure, notwithstanding the terms of a lease agreement, assuming of course that the expenditure was otherwise proper.
[2] Amendment 25 was repealed by Ark. Const. Amend. 62, § 11.