The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This is in response to your request for an opinion on whether the proceeds of a county sales and use tax for library purposes may be used to purchase any and all types of equipment necessary for the proper and continuing operation of the library system, specifically including books.
The Faulkner County Quorum Court adopted Ordinance 92-1 (the "Election Ordinance") on January 22, 1992. The Election Ordinance submitted to the electors of Faulkner County the question of the temporary imposition of a one percent sales and use tax for the purpose of "designing, building and equipping" a county seat library and county library branches.
Following an affirmative vote of the electors, the quorum court adopted Ordinance 92-10 (the "Levy Ordinance") on April 1, 1992. The Levy Ordinance imposed a one percent sales and use tax for a period of one year. The title of the Levy Ordinance states that the tax is imposed for the purpose of "designing, building and equipping" a county seat library and county library branches, although the purpose of the tax is not specified in the body of the Levy Ordinance. The tax was levied pursuant to A.C.A. § 26-74-201 to -223 (1987 and Cum. Supp. 1993).
Arkansas Code Annotated § 26-74-204(a) authorizes counties levying the tax at issue "to acquire, construct, equip, reconstruct, extend, and improve capital improvements of a public nature. . . ." [Emphasis supplied.] The statute defines "capital improvements of a public nature" to include libraries. A.C.A. § 26-74-203(2). The word "equip" is defined to include the installation or placing in or on any building of "equipment of any and every kind, whether or not affixed, including, without limitation . . . personal property of every kind. . . ." A.C.A. § 26-74-203(6).
Amendment 17 to the Constitution of Arkansas, as amended by Amendment 25 (and repealed by Amendment 62), authorized counties to impose a property tax and issue bonds for the "construction, reconstruction, or extension" of county courthouses, jails, or hospitals. In Davis v. Waller,238 Ark. 300, 379 S.W.2d 283 (1964), involving a county hospital financed with the proceeds of such bonds and tax, the appellants argued that only durable equipment that would be attached to the building could be acquired with the proceeds.[1] The court rejected the argument, stating:
 We do not agree. The public purpose embodied in Amendment 17 can be accomplished only by a functioning hospital and, therefore, bonds may be issued and the proceeds thereof spent for any type of equipment, furnishings and property necessary for or related to a functioning hospital.
Id. at 304.
Here, it is clear that books are fairly within the types of property contemplated by the legislature as constituting "equipment," at least in the context of a library, and that a functioning library necessarily includes books. It is thus my opinion that books and other tangible personal property necessary for the proper and continuing operation of a functioning library system may be purchased with the proceeds of the tax.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The court had earlier held that equipment could be financed under Amendment 17/25. Hollis v. Erwin, 237 Ark. 605, 374 S.W.2d 828 (1964).