TOWNSHIP OF HANOVER, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. THE INTERNATIONAL FIDELITY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND PARKER MADISON, INC., *ET ALS.*, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 3, 1973—Decided March 5, 1973.

Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.

*Mr. Lawrence K. Eismeier* argued the cause for plaintiff (*Messrs. Young and Sears,* attorneys).

*Mr. David Samson* argued the cause for defendant International Fidelity Insurance Company (*Messrs. Lieb, Wolff & Samson,* attorneys).

*Mr. Edward A. Dreskin* argued the cause for defendant Parker Madison, Inc.

PER CURIAM. This action was instituted by plaintiff township against Parker Madison, Inc. (Parker) and The International Fidelity Insurance Company (International) to recover $12,000, the amount of the bid bond submitted by Parker as principal and International as surety to guarantee that Parker would enter into a contract if its bid were accepted by the township.

The trial court denied cross-motions for summary judgment made by plaintiff and Parker. At the same time it severed for trial the cross-claim and third-party action filed by International against Parker and its indemnitors and a cross-claim filed by Parker. By leave of the court, the township appeals from the denial of its motion for summary judgment, and Parker and International appeal from the denial of Parker's cross-motion.

The essential facts are undisputed. The township had advertised for bids for alterations of its municipal building. The specifications required each bidder to submit with its bid a surety bond in the amount of 5% of the bid to insure that it would enter into the contract if it were the successful bidder. The specifications contained a provision authorizing the municipality to waive informalities in the bids.

On December 2, 1969 Parker submitted a bid of $277,700 and a bid bond under seal, executed by it as principal and International as surety, in the amount of $12,000. The condition of the bond read as follows:

Now, Therefore,
  (a) If [the bid of the principal Parker] shall be rejected, or in the alternate
  (b) If said bid shall be accepted and the Principal shall execute and deliver a contract in the Form of Contract attached hereto, properly completed in accordance with said bid, and shall furnish a bond for the faithful performance of said Contract, and for the payment of all persons performing labor or furnishing materials in connection therewith, and shall in all

other respects perform the agreement created by the accept-
ance of said bid;
   Then, This Obligation Shall Be Void, otherwise the same shall re-
main in force and effect; * * *

Parker's bid, $277,700, was the lowest bid submitted and
on December 30, 1969 the township committee awarded the
contract to it. Notice of the award was given to Parker on
January 5, 1970 and contract documents sent to it for execu-
tion on January 21, 1970. Parker did not execute the con-
tract documents even though it was advised by letter of
March 17, 1970 that a default would be declared and the
work readvertised for bids. (Parker contends that it was
unable to enter into the contract because International had
refused to provide, as allegedly it had promised to do, the
required performance bond. The breach of that alleged
agreement forms the basis of the cross-claim filed by Parker
against International.)

On April 9, 1970 the township committee readvertised for
bids. It received new bids and awarded the contract to a
company which submitted a low bid of $297,700.

This action was then instituted. The answer filed by
Parker admitted the material allegations of the township's
complaint and alleged that (1) it, Parker, was "at all times"
ready, willing and able to perform its contract, and (2) that
the "acts of the co-defendants caused the plaintiff's loss."

International's answer, filed in July 1970, embodied a
cross-claim against Parker alleging that it had executed the
bid bond on Parker's representation that its bid would be
$240,000, whereas the bid submitted was $277,700. (Inter-
national gives no indication of why it was prejudiced by
the alleged misrepresentation.) The sole affirmative defense
pleaded by International to the township's complaint was
that the township's award of the contract to Parker "was il-
legal and improper in that the said bid did not conform
with the instruction for bidders."

That affirmative defense embodies the sole substantive is-
sue on this appeal. Defendants contend that Parker failed

to comply with the specifications when it submitted a bid bond of $12,000 instead of one for $13,885, 5% of its bid of $277,700; that its failure to submit a bond in the specified amount was a material and substantial irregularity which could not be waived by the township so that Parker's nonconforming bid was not subject to acceptance by plaintiff. That being so, the argument continues, Parker was not required to execute the tendered contract, so that there was no breach of the conditions of the bid bond.

The township's position is that the deficiency in the amount of the bid bond submitted by Parker, was a "minor or inconsequential" variance from the specifications which it could and did waive, in good faith, in awarding the contract to Parker, and that Parker's failure to execute the contract was a breach of the conditions of the bond.

The trial court, in denying the cross-motions for summary judgment, ruled that the question of whether the variance from the specifications was a "minor or inconsequential" variance (which could be waived) or a material departure from the specifications (which could not be waived) was a fact question precluding grant of summary judgment. We disagree and hold that the posed question is a legal issue to be decided on the uncontradicted proofs before the court.

Before proceeding to a consideration of that issue, we note that the validity of the township's resolution of December 30, 1969 awarding the contract to Parker has never been challenged by any taxpayer or citizen of the township or by any competing bidder.

Indeed, had one of Parker's competitors or a taxpayer waited, as did International, for a period of more than six months before seeking to attack the December 30, 1969 resolution awarding the contract to Parker, the attack would have been dismissed as untimely because not brought within 45 days of December 30, 1969. *R.* 4:69–6. The attack here made does not involve the basic statutory power of the township to act. *Cf. Greenberg v. Fornicola,* 37 *N. J.* 1, 5

(1962). It is undisputed that the township had authority to contract for the improvement and that it had proceeded in accordance with the bidding statute, *N. J. S. A.* 40:50–1.

The statute does not direct that a municipality demand that a deposit or bid bond accompany a bid. Nevertheless, a municipality may require, as plaintiff did, submission of "some form of security as a guarantee that the contract [would] be entered into if the bid [were] accepted." *P. Michelotti & Sons, Inc. v. Fair Lawn,* 56 *N. J. Super.* 199, 202 (App. Div. 1959), certif. granted 31 *N. J.* 75 (1959), app. dism. 31 *N. J.* 556 (1960) ; *Hillside Tp. v. Sternin,* 25 *N. J.* 317, 323 (1957).

At best, the attack here presented projects a debatable question as to whether the township could waive strict, and accept what it in good faith deemed substantial, compliance with a bid bond provision which it had elected to include in the specifications. Such an attack, if made by an unsuccessful bidder or a taxpayer of the township, would call for application of the general rule that "attacks upon public contracts must be seasonably made." *Greenberg v. Fornicola, supra,* 37 *N. J.* at 4. The circumstances would not call for invocation of the authority granted to a court by *R.* 4:69–6 (c) to enlarge the 45-day period "where it is manifest that the interest of justice so requires." *Cf. Greenberg v. Fornicola, supra,* at 5.

Nevertheless, despite the lapse of time, the meritorious issue presented must be decided in view of what the court said in *Hillside Tp. v. Sternin, supra,* 25 *N. J.* at 325–326, just as if it would have been decided if it had been raised in a timely attack by a taxpayer or unsuccessful bidder on the award of the contract to Parker.

In *Hillside Tp. v. Sternin* the advertisement for bids for installation of two sirens provided that:

A certified check made payable to the Township of Hillside for not less than 10% of the amount bid must accompany each proposal.

Sternin submitted a bid of $1,087.25. No check accompanied the bid. Indeed, Sternin contended that he was unaware of the advertisement for bids and of the specifications to which it referred. He said that he had submitted his bid as the result of conversations he had had with a municipal official. The contract was awarded to Sternin but he refused to sign it claiming that the work called for by the specifications was more "demanding" than the work which his bid had contemplated.

In defense of an action instituted against him to recover the difference between his bid and that of the next lowest bidder, who was awarded the contract, Sternin contended that (1) his bid was not based on the specifications and that he should not be held to his bid, and (2) the municipality had no authority to accept his bid since he had not submitted a certified check with the bid.

The trial court, in granting summary judgment to Sternin, ruled in his favor with respect to both contentions. On the township's appeal, the Supreme Court ruled that, with respect to the first contention, a factual issue existed precluding grant of summary judgment on that ground. Nevertheless, the court held Sternin was entitled to judgment, even though he was thus taking advantage of his own default, because the township had no authority to accept his bid since he had not submitted the check called for by the advertisement for bids.

· The court recognized that "minor or inconsequential variances and technical omissions [in the bid] may be the subject of waiver" by the municipality, but held that the deficiency in Sternin's bid — the failure to submit the required check — was a "material departure" from the bidding requirements which could not be waived.

It is immediately evident — defendant's argument to the contrary notwithstanding — that the situation presented in *Hillside Tp. v. Sternin, supra,* differs materially from that

present in the case before us. In *Hillside Township* the bidder failed to submit any check. Indeed, he neither attempted to, or intended to, submit a check as called for by the advertisement.

Here, however, there is not even a suggestion of an intent to ignore the bid bond requirements of the specifications. Parker's bid was accompanied by a bid bond, executed by it as principal and an insurance company as surety, in the substantial amount of $12,000, although that amount was $1,885 less than 5% of the bid of $277,700.

The precise question here presented has not been dealt with in the reported cases. However, in our opinion, those which are most pertinent — see, *e. g., P. Michelotti & Sons, Inc. v. Fair Lawn, supra; Bryan Const. Co. v. Bd. of Trustees, etc., Montclair,* 31 *N. J. Super.* 200 (App. Div. 1954); 10 *McQuillin, Municipal Corporations,* §§ 29.66, 29.29 (3d ed. 1966) — support our conclusion that the variance between $13,885, the amount of the bid bond which should have been submitted with the bid of $277,700, and $12,000, the amount of the bid bond actually submitted, was minor and inconsequential. The township committee, whose good faith is not challenged, was authorized to waive the variance and award the contract to Parker, the lowest bidder.

Apposite is what this court said in *Bryan Const. Co. v. Bd. of Trustees, etc., Montclair, supra:*

[The municipality] expressly and specifically reserved "the right to waive minor informalities" in any bid. Further, a municipal body has a greater function in dealing with irregularities in such matters than merely exercising a ministerial and perfunctory role. It has inherent discretionary power, and what is more, a duty to secure, through competitive bidding, the lowest responsible offer, and to effectuate that accomplishment it may waive minor irregularities. [at 206]

See also *Faist v. Hoboken,* 72 *N. J. L.* 361, 363 (Sup. Ct. 1905).

Parker's failure to enter into the contract awarded it entitles plaintiff to recover on the bid bond whose conditions were thus breached.

The order appealed from is reversed and the cause remanded to the trial court for entry of judgment in favor of plaintiff against Parker and International for the amount due on the bid bond.