SHANNON H. HOLLOWAY CONSTRUCTION COMPANY, INC., Appellant,

v.

LOUISVILLE AND JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT and Ram Engineering and Construction Company, Appellees.

Court of Appeals of Kentucky.

Nov. 18, 1983.

Case Ordered Published By
Court of Appeals Jan. 6, 1984.

Rehearing Denied March 16, 1984.

Discretionary Review Denied by
Supreme Court Sept. 7, 1984.

John T. Fowler, Louisville, for appellant.

Jeffrey S. Anderson, Charles D. Greenwell, J. Larry Cashen, Merrill Schell, Louisville, for appellees.

Before HAYES, C.J., and HOGGE and WHITE, JJ.

HOGGE, Judge.

This appeal arises from Louisville and Jefferson County Metropolitan Sewer District's (hereinafter "MSD") award of a construction contract to Ram Engineering and Construction Company (hereinafter "Ram"), instead of to the second lowest bidder, Shannon H. Holloway Construction Company (hereinafter "Holloway").

On March 19, 1980, MSD issued an invitation for bids for a construction project entitled "Big Run Outside Flood Levee, Contract No. 18 (B Part 2)." The contract was for the construction of about 3,780 feet of drainage channel, the extension of two existing box culverts, and appurtenant work.

Bids were to be submitted to MSD until 12:00 noon on April 18, 1980. Six bids were received, the lowest being that of Ram, for $368,978.55. Holloway's was next lowest, for $394,055.00.

At the bid opening, it was discovered that Ram had submitted a bid bond for five percent, instead of for the ten percent amount which MSD had required for this particular project. Ram's representative at the bid opening telephoned the insurance agency when the discrepancy was noticed. The agency acknowledged it had made a clerical mistake in preparing the bond, and immediately provided a ten percent bid bond. MSD waived the error and awarded Ram the contract on May 12, 1980.

Ram began construction on or about August 7 or 8, 1980. Holloway filed suit against Ram and MSD for damages on November 12, 1980. No injunctive relief was asked for in its complaint. Holloway contended that it should have been awarded the contract on the ground that the

failure of Ram Engineering to post adequate bond was a "fatal flaw."

MSD moved for summary judgment on August 19, 1982, stating that it had properly waived the discrepancy in the bid bond. Ram joined the motion, and Judge O'Bannon granted summary judgment on January 3, 1983, holding that the error was properly waived. From this, Holloway appealed.

■ In considering Holloway's contention that the trial court erred in granting summary judgment, we will not now decide if an action lies on damages for the misaward of a public works contract for the lowest responsible bidder, if such bidder is not awarded the contract, for we agree with the trial court that there was no misaward. The discrepancy in the bid bond was a defect that could be and was properly waived by MSD. In its opinion of January 3, 1983, the trial court cited MSD's bid invitation, which stated in part:

> Bidder's proposal must be accompanied by a bid bond or a certified check drawn on a Louisville, Kentucky bank and made payable to MSD in an amount not less than ten percent of the evaluated prices of the items of the proposal.... The contract will be awarded on the basis of the lowest responsive, responsible bid, subject to the approval of the Board of MSD. MSD reserves the right to reject any or all bids or waive any informality in any bid.

Kentucky law presents us with no case closely analogous to this situation. However, a case cited by appellee seems closely related, and cases cited therein are persuasive to us. In *Township of River Vale v. R.J. Longo Construction Company, Inc.*, 127 N.J.Super. 207, 316 A.2d 737 (Law Div.1974), the invitation to bid required a ten percent bid security in the form of a certified check, and stated that bid bonds would not be accepted. The lowest bidder mistakenly provided a bid bond instead of a certified check. The township brought an action for declaratory judgment when the second lowest bidder claimed that it was entitled to the award.

The bid invitation in *Township of River Vale, supra*, as in this case, reserved the agency's right to waive any informalities, irregularities, or minor defects in the bids received. *Id.* 316 A.2d at 740. The lowest bidder, after proffering the bid bond, rectified its mistake by supplying a certified check the next day. *Id.*

In finding that a waiver of this irregularity was justified, the court applied two criteria.

First, the court considered whether the effect of a waiver of an irregularity would deprive the municipality of assurance that the contract would be entered into and performed according to its requirements, and second, whether the noncompliance was of such nature that its waiver would undermine the competitive bidding process, or give one bidder an unfair advantage over another. It was determined that the corrected error in this fact situation would do neither.

Similarly, in *Hanover Township v. International Fidelity Insurance Company*, 122 N.J.Super. 544, 301 A.2d 163 (1973), the court upheld the municipality's waiver of a defect in a bid bond whose stated amount was $12,000, about $2,000 less than the ten percent required, on the grounds of minimal extent of variation and of the parties' good faith in the transaction. Only in *Hillside Township v. Sternin*, 25 N.J. 317, 136 A.2d 265 (1957), in which the low bidder did not accompany the bid with any form of security, and never attempted to cure the defect, was a material noncompliance found.

In this case, the correct bond was posted before the contract was actually awarded, so the municipality was not deprived of assurance that the contract would be entered into and performed. Further, since the mistake was immediately rectified, there was no irregularity accepted that would discourage or affect the competitive bidding process.

The case cited by appellant, *Carpet City, Inc. v. Stillwater Municipal Hospital Authority*, 536 P.2d 335 (Okl.1975), is very

different from the instant case. In that case, it was held that all bond and insurance requirements of the Public Competitive Bidding Act of 1974 could not be waived in accepting a bid for installation of carpet in a hospital facility, whereas in the instant case, the public entity merely waived a curable (and cured) bid bond error in awarding the contract. As appellee points out, *Carpet City* did not involve bid bonds at all—the "bond" was a maintenance bond, which should have been effective for one year following the completion of the job to insure against defective workmanship.

■ Additionally, appellant's contention that MSD's award of the bid violated KRS 45A.430(3) is without merit. This statute provides:

> When the invitation for bids requires that bidder security be provided, noncompliance requires that the bid be rejected, provided, however, that the local public agency may set forth by regulation exceptions to this requirement in the event of substantial compliance.

§ 4.6 of MSD's "Procurement Regulations" states:

> The Executive Director may waive any informalities and may establish conditions under which such incomplete bids may be considered if it is determined that such waiver is in the best interest of MSD.

MSD properly and with authority waived the bid bond discrepancy in this case. There is no issue of a material fact as a matter of law.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.