Dear Honorable Scott,
The Attorney General has received your request for an official opinion asking:
 "1. Are counties required to bid the purchase of computer hardware and/or software (assuming none of the statutory exemptions apply)?
 "2. Would the answer to question one be different if the equipment is acquired under a rental or lease-purchase agreement?
 "3. Must `computer services' be bid by county government?
 "4. If a computer information service company provided computer services including software and hardware for a monthly fee, or an instrument fee, should it be bid?"
Effective on January 1, 1983, the Oklahoma Legislature imposed upon all the counties in the State a county purchasing act, codified at 19 O.S.1500 et seq. (1985). The answers to your questions must be found, if at all, under that act, since these are the only State statutes imposing competitive bidding requirements upon county government for any type of procurement, excepting only the construction of public works, which is governed by the Public Competitive Bidding Act of 1974. See, 61 O.S. 101
et seq. (1981), as amended. For purposes of this opinion, it is assumed that the Public Competitive Bidding Act of 1974 does not apply to the types of contracts about which you have raised questions.
 I. Purchase, rental and lease purchase of computer hardware and software by counties.
Your first two questions may logically and properly be treated together, considering the language of the county purchasing act. You wish to know whether, in the absence of statutory exemption, the purchase, rental or lease-purchase of computer hardware and computer software constitutes a transaction subject to the competitive bidding requirements of the county purchasing law.
The circumstances in which competitive bidding on contracts is required by county government are specified in great detail at 19O.S. 1505 (1985), the pertinent parts of which state:
 "The following procedures shall be used by counties for the requisition, purchase, lease-purchase, rental, and receipt of supplies, materials, and equipment for the maintenance, operation, and capital expenditures of county government unless otherwise provided for by law.
* * *
 "B. The bid procedure for selecting a vendor for the purchase, lease-purchase, or rental of supplies, materials, and equipment used by a county shall be as follows:
* * *
 "2. Bids shall be solicited by mailing a notice to all persons or firms who have made a written request of the county purchasing agent that they be notified of such bid solicitation and to all other persons, or firms who might reasonably be expected to submit bids. Notice of solicitation of bids shall also be published one time in a newspaper of general circulation in the county.
* * *
 "4. The board of county commissioners, in an open meeting, shall open the sealed bids and compare them to the state contract price. The board of county commissioners shall select the lowest and best bid within thirty (30) days." (Emphasis added).
The language quoted above is simple, plain and free of ambiguity. It must be accorded the regular sense of the words as though they had been used in ordinary conversation. State ex rel. Cartwright v.Georgia-Pacific, 663 P.2d 718 (Okla. 1983). Thus read, the statute presents no basis for distinction between contracts for purchase, contracts for rental or contracts for lease purchase. All are subject to the bidding requirements of the statute, providing their object is the acquisition of "supplies, materials, and equipment for the maintenance, operation, and capital expenditures of county government."
Consequently, each of your first two questions must be answered affirmatively, providing that computer hardware and/or software are properly counted among the commodities specified in the act. Those commodities are not defined in the act, though the ordinary meaning of the terms would appear to be sufficiently broad to encompass the computer needs of the counties.
We need not speculate, however, regarding the propriety of including the items specified in your question within the classes designated in the act, because the terms in question have been defined elsewhere in Oklahoma statutes. Those definitions are applicable to the questions presented here, and instruct that computer hardware and software are included by the terms used. 25 O.S. 2 (1981). The definitions are found in the Oklahoma Central Purchasing Act, 74 O.S. 85.1 et seq. (1981), and provide, at 74 O.S. 85.2:
 "(4) The terms `materials' and `supplies' include all property ex cept real property acquired by a state agency for its use or consump tion, except equipment;
 "(5) `Equipment' means all personal property acquired by a state agency for its use which is in the nature of a tool, device or machine and shall be deemed to include all personal property used or consumed by a state agency and not included within the category of materials and supplies[.]"
Inasmuch as the statutory definitions of materials, supplies and equipment are so broad as to include all property except real estate, and assuming that computer hardware and software are not real estate, it follows that the answers to your first two questions must be that both kinds of contracts you contemplate are subject to the competitive bidding requirements of 19 O.S. 1505 (1985).
 II. Bidding requirements and the distinction: Computer services vs. Computer equipment/material/supplies.
As with your first two questions, it is also logical and appropriate to treat your last two questions together. In question number three you have asked whether computer services are subject to statutory bidding requirements, and in number four you add to the "service" contract the provision of the computer hardware and software which, it has already been observed above, must be acquired on competitive bids.
The distinction between contracts for labor, on the one hand, and for tangible items on the other, is important in numerous areas of Oklahoma law. See, e.g., 12A O.S. 2-101 et seq. (1981); 51 O.S. 24.3 (1985); 12O.S. 936 (1981). The distinction is no less important to the questions at hand, because the county purchasing act does not apply to contracts for services to be rendered to county government, by virtue of a gap in the coverage of the act recognized by previous opinions of the Attorney General. See, A.G. Opin. No. 85-45.
It is not possible, of course, for a formal opinion of the Attorney General to definitively rule whether a particular contract is a pure services contract, a pure contract for materials, supplies or equipment, or one in which these objects are mixed. That would require resolution of factual questions. Nor does your letter provide a factual basis for making such judgments in any event. However, if we assume that your third question is concerned with a pure contract for services, not involving the transfer to a county of the use of any tangible property, then it is possible to determine, definitively, that such a contract need not be competitively bid as provided in the county purchasing act, and consistent with the reasoning of A.G. Opin. No. 85-45.
As to your last question, if it is assumed that the contract in question is purely for the acquisition by the county of the use of computer hardware and software, then it must be competitively bid in accordance with the answers given to your first two questions. However, your question makes reference to a "computer information service company" and an "instrument fee," both of which terms strongly suggest that you are concerned with the applicability of bidding requirements to contracts transferring both tangible personal property and labor or services.
Recently the Oklahoma Supreme Court has squarely confronted the question of how to analyze a case in which a contract involves both a sale of property and the provision of services, in situations where the law requires that the contract be classified as one type or the other. InGilbert Central Corp. v. State of Oklahoma, 57 O.B.A.J.788 (Okla. March 25, 1986), the issue arose in a case involving the propriety of certain governmental procurement practices under 51 O.S. 24.3 (1985). In GilbertCentral, the Court elected to apply the same test for such distinctions as that applicable to determine whether a contract constitutes a "transaction in goods" for purposes of the Uniform Commercial Code, and adopted the approach to the issue utilized by the court in the case ofBonebrake v. Cox, 499 F.2d 951 (8th Cir. 1974).
In Bonebrake, the 8th Circuit Court of Appeals distilled its method for analyzing this type of question from the rather large body of cases preceding its decision, stating:
 "[T]he cases presenting mixed contracts of this type are legion. The test for inclusion or exclusion is not whether they are mixed, but, granting that they are mixed, whether their predominant factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved (e.g., contract with artist for painting) or is a transaction of sale, with labor incidentally involved (e.g., installation of a water heater in a bathroom)." Id. 499 F.2d at 960 (citations omitted).
From the foregoing, it can be said, at the very least, that where the predominant objective of a contract between a county government and a supplier of computer technology is the acquisition of computer hardware and software for the use of the county, the contract is for the acquisition of materials, supplies or equipment, notwithstanding the services also provided by the vendor. Such a contract is subject to bidding under the county purchasing act.
It will only be in the very rare case where the hardware or software obtained is altogether incidental to the services provided by a vendor that a county might be able to justify forbearance from competitive bidding under the act. This is especially the case under this type of statutory scheme which must be strictly followed in all cases to which it might be applicable. See, e.g., Carpet City, Inc. v. Stillwater MunicipalHosp. Auth., 536 P.2d 335 (Okla. 1975).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Counties are required to bid the purchase of computer hardware and/or software by the provisions of the county purchasing act, 19 O.S. 1500 et seq. (1985), assuming none of the statutory exemptions apply;
 2. The answer given above is no different if the equipment is acquired under a rental or lease-purchase agreement;
 3. A contract for pure "computer services" not involving the transfer to or use by the county of any equipment, materials or supplies need not be bid under the county purchasing act; and
 4. A contract with a computer information service company for the provision of computer services for a monthly fee or an instrument fee, including the transfer to and use by the county of computer software and hardware, must be competitively bid under the county purchasing act, assuming none of the statutory exemptions applies, unless the hardware and software received and used by the county are altogether incidental to the services provided.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JAMES B. FRANKS, ASSISTANT ATTORNEY GENERAL CHIEF, TORT DEFENSE DIVISION