276 N.J. Super. 216 (1994)
647 A.2d 878
DE SAPIO CONSTRUCTION, INC., PLAINTIFF,
v.
TOWNSHIP OF CLINTON AND SCOZZARI BUILDERS, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division Hunterdon County.
May 12, 1994.
*217 Gaetano M. De Sapio, attorney for plaintiff
Raymond S. Papperman, attorney for defendant, Township of Clinton (Vaida & Manfreda, attorneys)
Jeffrey P. Blumstein, attorney for defendant, Scozzari Builders, Inc. (Szaferman, Lakind, Blumstein, Watter & Blader, attorneys)
DUPUIS, J.S.C.
The issue presented is whether a potential builder of a public construction project can rectify an error in the form of the bid bond and consent of surety submitted at the time of the bid or whether the failure to provide the appropriate form is a material non waivable defect.
The facts underlying this action are not in dispute. On December 8, 1993, defendant Township of Clinton ("Township") accepted bids pursuant to the Local Public Contracts Law, N.J.S.A. 40A:11-1, for alterations to the Clinton Township Municipal Building. DeSapio submitted the lowest bid for the project and defendant Scozzari Builders, Inc. ("Scozzari") submitted the second lowest bid.
Each potential bidder was furnished with a package entitled "General Documents and Specifications" ("the documents") which *218 had been prepared by the Township's architects. The documents provided that the bidders would be presumed to be thoroughly familiar with the contract documents, including all addenda and bulletins, and that failure or omission of any bidder to receive or examine any form, instrument or document would not relieve that bidder from that obligation. The bidders were directed to address any questions regarding the contract documents to the Township's architects.
Pursuant to the Local Public Contracts Law, the Township required specifically that: (1) the bid proposal "be accompanied by a Proposal Guaranty in the form of a Certified Check, Cashier's Check, or acceptable Bid Bond, made payable to the Owner in the sum of ten percent (10%) of the Base Bid Proposal, but in no case in excess of $20,000," and (2) the bid proposal be "accompanied by a Proposition of Surety, in form as bound in these documents, assuring that satisfactory arrangements have been made between the surety and the Bidder by which the surety agrees to furnish the Bidder with a Performance Payment Bond and Maintenance Bond in form as bound herein."
The packet of documents provided to the bidders contained a number of sample forms for the benefit of the bidder. The bidders were made aware that additional copies of forms were available from the Township architect upon request.
There were no sample forms of Consent of Surety contained in the bound documents. In the place of the Consent of Surety sample form was a statement which read as follows:
Surety Company Certification
All bidders shall submit with their bid a certificate from an approved surety company stating that it will provide the contractor with the required bonds.
When it submitted its bid proposal on December 8, 1993, DeSapio submitted a letter, dated September 29, 1993, issued by Safeco's attorney-in-fact. This letter stated in part:
DeSapio Construction, Inc. is a highly regarded and valuable client of Safeco Insurance Company of America. We have provided bonds for this account for a *219 number of years and in that time have supported them on contracts of similar size and scope to the above captioned.
Should DeSapio Construction, Inc. be successful low bidder on the project, we would not anticipate any difficulty providing bonds on the above captioned project, subject to execution of a contract satisfactory to DeSapio and Safeco Insurance Company of America, as surety. In addition, provisions of such bonds would also be subject to satisfactory evidence of financing in our normal underwriting requirements at the time of such request from our principal. (Emphasis added.)
Both Scozzari and Leonard L. Amato Construction Company ("Amato"), the third lowest bidder, submitted Consents of Surety from their respective sureties, which guaranteed without qualification to provide the required bonds if the principal was the successful bidder.
After submitting its sealed bid on December 8, 1993, DeSapio submitted a supplementary letter on December 9, 1993, dated November 29, 1993, from Safeco to the Township architect which certified that Safeco would provide the bonds to DeSapio subject only to execution of the contract.
On December 9, 1993, the Township's attorneys, after reviewing the bid documents of the three lowest bidders, advised the Township that DeSapio's bid was not legally sufficient because the purported certificate of surety letter submitted at the time of the bid did not comport with the requirements of N.J.S.A. 40A:11-22. The Township attorneys believed that the DeSapio's Consent of Surety was a material, non-waivable deviation from the Local Public Contract Law.
DeSapio disputed this contention and the parties agreed to delay action so that DeSapio could apply to the Superior Court for a declaratory judgment as to whether DeSapio's bid was legally sufficient.
The question thus presented is (1) whether the letter submitted by DeSapio was a defective Consent of Surety and (2) if the letter was defective, whether the said defect could be waived by the Township.
N.J.S.A. 40A:11-22 states in pertinent part:

*220 When a surety company bond is required in the advertisement or specifications for a contract or agreement, every contracting unit shall require from any bidder submitting a bid in accordance with plans, specifications and advertisements, as provided for by law, a certificate from a surety company stating that it will provide the contractor with a bond in such sum as is required in the advertisement or in the specifications. (Emphasis added.)
Simply stated, the statute requires the surety company to guaranty that it will provide the bonds for the project. The letter submitted by DeSapio which purported to provide the guarantees of the required bond stated that Safeco would "not anticipate any difficulty providing bonds" on the project. This language clearly does not conform to the requirements of the statute. Safeco is not unconditionally undertaking an obligation to provide the bond. Safeco's commitment letter does not bind Safeco to do anything. This conditional acceptance does not meet the requirements of the statute. Accordingly, this court finds that the letter is a defective consent of surety.
Having found a defect, the question now becomes whether the defect can be waived. As stated above, after submitting its sealed bid on December 8, 1993, DeSapio submitted a supplementary letter on December 9, 1993, from Safeco to the Township architect which certified that Safeco would provide the bonds to DeSapio subject only to execution of the contract. At oral argument counsel for DeSapio agreed the letter was prepared on December 9, 1993 and backdated to November 29, 1993.
It is clear that the defect in the consent of surety was a material one. DeSapio's defect dealt directly with the surety requirements set forth in the statute. These bid bond security requirement issues have been held to be material. See Pucillo & Sons v. Belleville Tp., 249 N.J. Super. 536, 592 A.2d 1218 (App.Div. 1991); Terminal Constr. Corp. v. Atlantic County Sewerage Auth., 67 N.J. 403, 341 A.2d 327 (1975).
The determination as to whether a material defect can be waived is fact sensitive. Defects that are minor or inconsequential have been held to be waivable. Bryan Constr. Co. v. Board of Trustees of the Pub. of Montclair, 31 N.J. Super. 200, 106 A.2d 303 *221 (App.Div. 1954) (the court found submission of a bid bond rather than a certified check as security to be a waivable defect); Township of Hanover v. International Fidelity Ins. Co., 122 N.J. Super. 544, 301 A.2d 163 (App.Div. 1973) (holding that difference of $1,885 in bond amount was an inconsequential amount and therefore could be waived).
There are material defects that cannot be waived. Pucillo & Sons v. Belleville Tp., 249 N.J. Super. 536, 592 A.2d 1218 (1991) (a one million dollar shortfall was consequential amount and non-waivable); Terminal Constr. Corp. v. Atlantic County Sewerage Auth., 67 N.J. 403, 341 A.2d 327 (1975) (mandatory federal approval not obtained prior to bid).
The test to determine whether a deficiency of a material condition can be waived has been reduced to the following two-prong analysis:
There must, therefore, be applied two criteria in determining whether a specific noncompliance constitutes a substantial and hence nonwaivable irregularity  first, whether the effect of a waiver would be to deprive the municipality of its assurance that the contract will be entered into, performed and guaranteed according to its specified requirements, and second, whether it is of such a nature that its waiver would adversely affect competitive bidding by placing a bidder in a position of advantage over other bidders or by otherwise undermining the necessary common standard of competition. [Pucillo, supra, 249 N.J. Super. at 547, 592 A.2d 1218.]
In the present case, as of December 8, 1993, the date the sealed bid was due, neither prong of the two part test was met. The municipality had no assurance the contract would be fulfilled. There was no guaranty for any amount that the surety company would provide the bond for the duration of the contract. The supplemental letter was not provided until after the bids were due. This was not a minor or technical deficiency which could be waived or later cured by a supplemental letter. It is a substantial irregularity of a material condition because there was no guarantee the surety would issue the bond on the date the bids were due. A material defect as to a material condition cannot be waived. See Pucillo, supra. DeSapio's deviation is both material and non-waivable. The municipality had no assurance the bond would be provided. Further, this deviation gave DeSapio an advantage *222 over the other bidders. DeSapio was free to bid and, even if awarded the contract, could unilaterally "cancel" the award by failing to obtain the bid bond.
If DeSapio is permitted to "cure" his defective bond the taxpayers will have the benefit of the lowest bid. Surely a savings of tax dollars can be considered to be a public good. But the greater public policy good is in insuring the integrity of the bidding process. Strict standards must be maintained so that there is no opportunity for unfettered discretion or favoritism in the public bidding process. Accordingly, this court finds the DeSapio bid to be materially defective. This material defect may not be waived by the Township.