Dear Representative Graves,
¶ 0 This office has received your request for an Opinion in which you asked, in effect, the following questions:
1. Does Section 113(B) of Title 61 of the Oklahoma Statutes, asconstrued in Carpet City, Inc. v. Stillwater Municipal HospitalAuth., 536 P.2d 335 (Okla. 1975), require that allconstruction, repair or improvement on state buildings bebonded?
2. Does separating a contract into a material-only contract anda labor-only contract obviate the need for a bond?
 I.
¶ 1 Your questions involve 61 O.S. 1991, §§ 101[61-101] et seq., as amended at 61 O.S.Supp. 1994, §§ 102[61-102] et seq., which is known as the Public Competitive Bidding Act of 1974 (the "Act"). The Act sets forth procedures and requirements for the letting of public construction contracts.
¶ 2 Among the conditions in the Act is the requirement that the contractor provide bonds or irrevocable letters of credit for contracts exceeding Thirteen Thousand, Five Hundred Dollars ($13,500.00). These bonds or letters of credit are to be issued for the benefit of the state in a sum equal to the contract price. In summary, the bonding requirements are to ensure performance in three areas: 1) payment to subcontractors and materialmen; 2) proper and prompt completion of the work in accordance with the contract; and 3) protection against defective workmanship and materials. 61 O.S.Supp. 1994, §§ 1[61-1] and 113(B)(1-3).
¶ 3 Whether the bond requirements are applicable to work done on state buildings depends on whether the transaction is a public construction contract. The definition of a contract is provided in the Act:
 "Public construction contract" or "contract" means any contract, exceeding Seven Thousand Five Hundred Dollars ($7,500.00) in amount, awarded by any public agency for the purpose of making any public improvements or constructing any public building or making repairs to the same except where the improvements, construction of any building or repairs to the same are improvements or buildings leased to a person or other legal entity exclusively for private and not for public use. . . .
61 O.S.Supp. 1994, § 102[61-102](4).
¶ 4 For a transaction to be a contract under the Act, it must 1) exceed Seven Thousand Five Hundred Dollars;[1] 2) be awarded by a public agency; and 3) be for the purpose of making public improvements or constructing or repairing public buildings. (Improvements, construction or repairs are exempt if they are improvements or buildings leased exclusively for private use.)
¶ 5 Public agency is defined in the Act as follows:
 "Public agency" means the State of Oklahoma, and any county, city, town, school district or other political subdivision of the state, any public trust, any public entity specifically created by the statutes of the State of Oklahoma or as a result of statutory authorization therefor, and any department, agency, board, bureau, commission, committee or authority of any of the foregoing public entities. . . .
61 O.S.Supp. 1994, § 102[61-102](3).
¶ 6 The Act also defines public improvements:
 "Public improvement" means any beneficial or valuable change or addition, betterment, enhancement or amelioration of or upon any real property, or interest therein, belonging to a public agency, intended to enhance its value, beauty or utility or to adapt it to new or further purposes. The term does not include the direct purchase of materials, equipment or supplies by a public agency. . . .
61 O.S.Supp. 1994, § 102[61-102](5).
¶ 7 Based on the foregoing definitions, a bond is not necessarily required for everything that might be done to a "state building." Whether or not a particular project is a contract as defined in the Act is a question of fact which cannot be answered in an Attorney General opinion. There are any number of factual scenarios which could place work either inside or outside the parameters of the Act.
¶ 8 Section 113(B) of Title 61 does not require that all work on state buildings be bonded. However, when a factual situation fits within the above bonding requirements, and a bond is statutorily required, those requirements cannot be waived by the contracting entity. Carpet City, Inc. v. Stillwater MunicipalHosp. Auth., 536 P.2d 335 (Okla. 1975).
 II.
¶ 9 As noted in Part I above, one of the requirements for a contract to come under the Act at all is that it exceed Seven Thousand Five Hundred Dollars. The Act expressly forbids splitting of contracts into partial contracts involving sums of below Seven Thousand Five Hundred Dollars for the purpose of avoiding the requirements of the Act. 61 O.S. 1991, § 131[61-131]. InCarpet City, Inc., the Court held that the Act is not to be circumvented but strictly followed. 536 P.2d at 339. Therefore, it is reasonable to conclude that one cannot separate a public construction contract into material-only and labor-only contractsfor purposes of avoiding the bonding requirements. The statutes do not mandate, however, that an agency require a bond on every purchase of materials involved in construction.
¶ 10 It should be noted that 61 O.S. 1991, § 126[61-126] states as follows:
 Nothing in this act shall be construed to prevent a public agency from doing public construction work on a force account basis.
¶ 11 Force account is defined in Attorney General Opinion No. 80-108:
 The term "force account" means the erecting of a building or the making of an improvement on district property by the use of the district's own employees, purchasing its own materials and leasing the necessary equipment all under the supervision of the district. (Citation omitted.)
¶ 12 Further, the Act provides at 61 O.S.Supp. 1994, § 102[61-102](5) that a direct purchase of materials, equipment or supplies by a public body is not included in the term "public improvement," one of the elements necessary for a transaction to come under the Act.
¶ 13 Thus, a public agency can directly purchase materials for making public improvements, pursuant to Section 102(5), or perform construction on a force account basis without coming under the Act at all.
¶ 14 Whether the labor involved fits into all the other definitions above so that it comes under the Act, including the bond provisions, is a question of fact which cannot be answered in an Attorney General opinion. Obviously, if the labor is done by the agency's employees there is no contract to be awarded.
¶ 15 Whether any particular transaction involving construction, repair or improvements on a state building requires a bond is a question of fact which cannot be answered in an Attorney General opinion. See 74 O.S.Supp. 1994, § 18b[74-18b](A)(5).
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. The bond requirements of 61 O.S.Supp. 1994, § 113(B) donot necessarily apply to all construction, repairs orimprovements on a state building. Whether a particulartransaction falls within the requirements is a question of factwhich cannot be answered in an Attorney General opinion. 74O.S.Supp. 1994, § 18b(A)(5).
2. Separating a transaction into a material-only component and alabor-only component for purposes of avoiding the provisions ofthe Public Competitive Bidding Act of 1974, 61 O.S. 1991, §§101[61-101] et seq. as amended at 61 O.S.Supp. 1994, §§ 102[61-102] etseq., is prohibited by 61 O.S. 1991, § 131[61-131].
The term public improvement as defined in 61 O.S.Supp. 1994, §102(5) does not include the direct purchase by a public agencyof material, equipment or supplies. According to 61 O.S. 1991,§ 126[61-126], an agency is not prohibited by the Public CompetitiveBidding Act from doing public construction work on a forceaccount basis. Therefore, a public agency can make a purchase ofmaterial for public construction without triggering the bondrequirements of 61 O.S.Supp. 1994, § 113(B).
Whether any contract for labor only on a public constructionproject is subject to the Act is a question of fact, answered byapplying the statutory definitions from the Act.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] The bonding requirements only apply to contracts exceeding Thirteen Thousand Five Hundred Dollars ($13,500.00).